RICE-STURTEVANT AUTOMOBILE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6597. Promulgated April 13, 1927.

The evidence is held insufficient to establish that a business was not carried on by the petitioner corporation, as determined by the respondent.

*P. J. O'Connor, Esq.,* for the petitioner:
*D. W. Green, Esq.,* for the respondent.

Petitioner appeals from the determination by the Commissioner of a deficiency of $4,161.84 in income and profits tax for the fiscal year ended January 31, 1920, alleging that the Commissioner has erroneously included earnings of a partnership as income of the petitioner corporation.

#### FINDINGS OF FACT.

The petitioner is a Missouri corporation with its principal office at Kansas City. It was incorporated in 1916 under the name of Rice-Sturtevant Motor Co. It was a recognized agency of the Ford Motor Co., selling its cars, its parts, and service. On July 31, 1919, the name was changed to Rice-Sturtevant Automobile Co. On the same date a bill of sale was executed by the Rice-Sturtevant Motor Co., purporting to convey to L. D. Rice and L. M. Sturtevant all automobiles, stock, parts, accessories, office equipment, accounts, bills receivable, and all other personal property owned by the Rice-Sturtevant Motor Co. and theretofore used and acquired in the operation of its business in Kansas City, including also the good will of said business and the right to the use of the name " Rice-Sturtevant Motor Company." The said instrument recited a consideration of $15,609.06 in hand paid by the individuals to the corporation and the

further consideration of the assumption by the individuals of all outstanding obligations, debts, liabilities, and accounts of the corporation, excepting such as arose by reason of the purchase of real estate or interest in real estate or by reason of erection of improvements upon real estate.

Thereafter the business in Ford cars, parts, and service continued to be operated in the name of Rice-Sturtevant Motor Co. The net income from such business during the period from August 1, 1919, to January 31, 1920, was $14,355.40. The income from such business was reported by Rice and Sturtevant· as partners. The Commissioner determined that such income was income of the petitioner corporation and determined the deficiency upon that basis.

OPINION.

PHILLIPS: The sole question at issue is whether or not a partnership was formed on July 31, 1919, which took over the assets and liabilities of the corporation other than its real estate and real estate liability, and thereafter operated the business of selling Ford cars, parts, and service. There was introduced as a part of the evidence a bill of sale, dated July 31, 1919, and a certified copy of the certificate filed in the office of the Recorder of Deeds, County of Jackson, Missouri, showing the change of name. The only other evidence is the testimony of one of the two stockholders of the corporation that a written agreement of partnership was entered into and that the business was thereafter transacted by the partnership. This witness was unable to say how the consideration of $15,609.06 set forth in the bill of sale was paid or whether it was ever paid. He was unable to state whether any notice to creditors of the sale in bulk of the assets of the corporation had been given as required by the laws of the State. He was unable to recall any one who had been told of the existence of the partnership. He was unable to recall that any assignment had ever been made of the contract between the corporation and the Ford Motor Co. under which the corporation acted as agent or any recognition by the Ford Motor Co. of the partnership or, in fact, any notice to them of the change of the corporate name, stating that the business continued to be sent to the Ford Motor Co. in the name of Rice-Sturtevant Motor Co., which was the name of the corporation prior to the change and the formation of the alleged partnership.

No books of account of the partnership or of the corporation were produced, no part of the record of the bank in which it is claimed that two separate accounts were kept was produced, none of the canceled checks of the so-called partnership were produced, none

of its letterheads or of the letters sent out by it were produced, nor is the absence of any evidence of such a collateral nature, which might have supported the contention of the petitioner, excused in any way.

The record is not convincing that there was in fact any *bona fide* delivery of the bill of sale which was executed on July 31, 1919, or any *bona fide* transfer of the assets named, or that the business was in fact carried on by the partnership and not by the corporation. It does not justify us in disturbing the determination of the Commissioner.

*Decision will be entered accordingly.*